IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHIL KISE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-4639-M-BN |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Phil Kise, a federal prisoner, has filed a form motion to vacate, set aside, or correct sentence, in which he challenges the computation of his sentence of imprisonment by Bureau of Prisons authorities. *See* Dkt. No. 2.

The United States Court of Appeals for the Fifth Circuit has explained that

> [a] writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief. A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated.

*Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). That is because a federal prisoner must seek habeas relief from a court in the district and division where he is in custody or his custodian is located. *See United States v. Weathersby,* 958 F.2d 65, 66 (5th Cir. 1992); *United States v. Gabor,* 905 F.2d 76, 77-78 (5th Cir. 1990). These filing requirements are jurisdictional. *See United States v. Mares,* 868 F.2d 151, 152 (5th Cir. 1989).

Petitioner is currently incarcerated at FCI Pollock in Pollock, Louisiana, which lies within the Alexandria Division of the Western District of Louisiana. *See* 28 U.S.C. § 98(c). He is challenging the execution of his sentence or, more specifically, the prison authority's determination of his sentence's duration, and his challenge should therefore be construed as a Section 2241 petition. *See United States v. McPhearson*, 451 F. App'x 384, 386 (5th Cir. 2011); *Pack*, 218 F.3d at 451; *Gabor,* 905 F.2d at 77-78; *accord Weathersby,* 958 F.2d at 66 ("Proceeding pro se, Weathersby invoked 28 U.S.C. § 2255, moving to receive credit for the time he was free on bond. Section 2255 is not the appropriate vehicle for such a motion; he should have invoked 28 U.S.C. § 2241. Because he is proceeding pro se, we construe his pleading liberally and consider it a proper motion under § 2241.").

But such a Section 2241 petition must be filed in the same district where he is incarcerated. *See Pack*, 218 F.3d at 451-52; *Gabor,* 905 F.2d at 78. The United States District Court for the Northern District of Texas lacks jurisdiction to consider Petitioner's Section 2241 petition because this Court lacks jurisdiction over the prisoner (Petitioner) or his custodian. *See Gabor,* 905 F.2d at 78. As such, the petition should be dismissed with prejudice regarding the jurisdictional issue only and dismissed without prejudice regarding all other issues. *See id.*; *see also Pack*, 218 F.3d at 454.

## Recommendation

Petitioner's motion to vacate, set aside, or correct sentence should be construed as a 28 U.S.C. § 2241 petition for writ of habeas corpus and should be dismissed with

prejudice to refiling in the United States District Court for the Northern District of Texas for lack of jurisdiction and otherwise dismissed without prejudice regarding all other issues.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 3, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE